LAW OFFICES

# EPSTEIN SACKS PLLC

100 LAFAYETTE STREET

NEW YORK, NY 10013

(212) 684-1230

BENNETT M. EPSTEIN

Mobile 917 653 7116

Bennett_Epstein@hotmail.com

July 8, 2020

Hon. Richard M. Berman

United States District Judge

US Courthouse

500 Pearl Street

New York, NY 10007

Via ECF and email to BermanNYSDChambers@NYSD.uscourts.gov

Re: United States v. Edward Alamo, Jr.

19 Cr. 640 (RMB)

Dear Judge Berman,

    We represent the defendant, Edwin Alamo, Jr., pursuant to the Criminal Justice Act. We respectfully submit this letter as a Sentencing Memorandum on his behalf. Emailed to Chambers herewith are letters of support from family and friends of Mr. Alamo.

    Edwin Alamo, now age 25, is before the Court for sentencing on his guilty pleas to a narcotics trafficking offense, to wit, a violation of 18 U.S. Code Sections 846 and 841 (b) (1) (B), and also to a violation of Supervised Release (VOSR), the subject of which is that same offense. Pursuant to a plea agreement, his Sentencing Guidelines Range of 46 to 57 months for the narcotics offense is elevated to 60 months based upon the mandatory minimum required by Section 841 (b)(1)(B). We therefore submit that the main issue before the Court at sentencing is whether to order the sentence for the VOSR to run consecutively or, as we believe is more appropriate under the circumstances, concurrently pursuant to 18 U.S. Code 3584 (a).

1

In connection with the issue of separate sentencing for a VOSR in cases such as the instant one, the term often used is that the sentence imposed be one which is sufficient (but not greater than necessary) to "vindicate" the nature of the violation, *e.g, United States v. Smith*, 939 F.3d 60, 63 (2nd Cir. 2020).

In this case we have a young man already being sentenced at least to a 60 month mandatory minimum after having spent the past year in the MCC under difficult if not horrific conditions characterized by lockdowns, squalor, and substantial health risks, including COVID-19. These conditions are certainly familiar to this Court and were documented before and described by Judge Ramos in *Fernandez, et al. v. Licon-Vitale*, 20 Civ. 3315 (ER), Docket No. 89. We will not describe them any further here.

So were herein submit that in this case there are several factors that already "vindicate" the VOSR at least indirectly, in addition to above-guidelines sentence prompted by the Government's invocation of the mandatory minimum. These include Mr. Alamo's remand without bail to the tender mercies of the MCC, and the negative ramifications which will flow from the VOSR in prison, in connection with the defendant's PATTERN score under the First Step Act. See, *The First Step Act of 2018: Risk and Needs Assessment System – UPDATE*, January 2020, p. 9 ( https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf). That many judges in this district have granted additional "credit" at sentencing for defendants having been detained at the MCC during this time should require no citation by now. Because of the mandatory minimum, Mr. Alamo will receive no such credit. Nor, it appears, will he benefit very much under the First Step Act.

The salient factors in Mr. Alamo's life also point to the sufficiency of a 60-month overall sentence. He was deeply affected at an early age by his parents' split and then his grandmother's passing and needed to seek counseling after both. He then, at approximately 14 years of age, started self-medicating with alcohol ad drugs. After graduating from high school, he tried to join the Navy but could not pass the entrance exam. He began working steadily, and at the age of 19 he assumed the responsibilities of fatherhood not just with respect to his biological son, but also became "daddy" to his girlfriend's young niece who was in her custody. Now age 25, he will be nearly 30 by the time of his earliest release, having missed out on the formative years in his children's lives, and the excuses of youth will be gone.

We have received some thirteen sentencing letters from Mr.Alamo's family and friends ranging from his mother to his former little league coach. Edwin's mother and his aunts and cousins all state how much he is loved and missed, and how difficult things are for his children. While we provide all of them to the Court as exhibits, we quote from just a few of the letters from friends since their observations are the most objective. His coach, Jason Acosta, sums it up: "As someone who grew up in the South Bronx I can understand the issues and dilemmas we ace as youth and somehow the wrong decisions are made. I believe that with the help of his family and friends we can integrate Edwin back to society. His children desperately miss and need their father." His supervisor for the year he worked at Fresh Direct, Suzette Pabon, writes: "Edwin on a personal and professional level has shown to be an honest, hard-working and personable individual". Another friend, Jason Martinez, who works for NYC Health and

Hospitals, writes: "Edwin did not grow up with any strong male role models.  He realizes his mistakes and wants to make ammends [*sic*] for them."  Karen and Alexandra Devers, both social workers who are cousins of Edwin's girlfriend and the young child he was raising, jointly write: "We have known Edwin Alamo for 7 years since the first time he took responsibility and custody of  cousin.  He has admitted to his guilt and we all believe he is extremely regretful. Our family appreciates Edwin for slipping into a parent's shoes at the tender age of 19 years old."

   We are living in perilous and uncertain times.  Sons and fathers are needed with their families. Now even more than before Courts should be mindful to impose sentences that are "sufficient but not greater than necessary" to comply with the purposes of sentencing under 18 U.S. Code 3553(a).  A 60-month sentence in this case accomplishes them all.

Very truly yours,

*Bennett M. Epstein*

Bennett M. Epstein

(Electronic Signature)
