**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

UNITED STATES OF AMERICA,

      - against -

EDWIN ALAMO, JR.,
              Defendant.

------------------------------------------------------------x

19 Cr. 640 (RMB)

**DECISION & ORDER**

This Decision & Order resolves Defendant Edwin Alamo, Jr.'s motion for compassionate release, dated April 14, 2021 and filed by defense counsel Mitchell Elman ("Compassionate Release Motion" or "Motion"). For the reasons stated below, Mr. Alamo's Motion is respectfully denied.[1]

## I. Background

On June 3, 2020, Alamo, who at the time was 23 years of age, pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Plea Hr'g Tr. at 39:23-40:4. Alamo's offense level was 21; his criminal history category was III; and his Sentencing Guidelines range was 46 to 57 months. He was also subject to a 60-month statutory mandatory minimum sentence. PSR ¶ 85. On August 24, 2020, the Court sentenced Alamo to 60 months' imprisonment, to be followed by 5 years of supervised release. Sentencing Tr. at 15:17-16:5.

At the time of his sentencing, Alamo was in the custody of the Metropolitan Correctional Center ("MCC") in New York and had served approximately 13 months. Def. Mot. at 2. Following sentencing, Alamo was transferred to FCI Fort Dix in New Jersey, where he is currently incarcerated. Id.

Alamo has served 21 months or approximately 35% of his 60-month sentence. His projected release date is November 2, 2023. Inmate Database, BOP.

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected.**

According to Alamo's BOP medical records, he tested positive for COVID-19 while at the MCC on July 21, 2020. He was diagnosed recovered ("resolved") while at the MCC on August 13, 2020. See BOP Medical Records Ex. A at 24 ("[Alamo has a] [c]onfirmed case [of] COVID-19"); BOP Medical Records Ex. B at 47-48 ("[Alamo's] [c]onfirmed case [of] COVID-19 – Resolved"). Neither Alamo's counsel nor the Government addresses Alamo's COVID-19 July 2020 infection in their briefing.

## II. Alamo's Motion for Compassionate Release

Alamo's Motion contends that: **(i)** "Mr. Alamo has a health history which includes asthma and panic attacks. As a result, . . . the unprecedented threat of COVID-19 poses extraordinary risks to Mr. Alamo's health." Def. Mot. at 1-2; **(ii)** "Mr. Alamo's current conditions of confinement . . . place him at heightened risk from COVID-19. . . . [A]s of March 18, 2021, [FCI Fort Dix] ha[d] 13 confirmed inmate infections and 40 staff infections. Moreover, . . . Mr. Alamo cannot practice regular hand hygiene, and he cannot effectively socially distance himself." Id. at 2; and **(iii)** "Mr. Alamo has sustained **no disciplinary sanctions** since his initial detention in July 2019, and in view of his positive adjustment to incarceration he was assigned to work as a unit Orderly." Id. at 1 (emphasis in original).

On May 4, 2021, the Government filed its opposition to Alamo's Motion. The Government also submitted (at the Court's request) Alamo's BOP medical records, dated August 1, 2019 to March 19, 2021. The Government counters that: **(i)** "[Alamo] cannot meet his burden of demonstrating extraordinary and compelling circumstances warranting his immediate release. . . . [T]he severity of [Alamo's] asthmatic condition is, at best, unclear. . . . [H]e refused the Pfizer COVID-19 vaccine that was offered to him by the BOP on March 19, 2021." Gov't Opp. at 4; **(ii)** "[FCI Fort Dix] has demonstrated that it has taken significant steps to mitigate the risk and the spread of COVID-19. . . . [A]s of May 3, 2021, only one of the approximately 2,805 inmates [wa]s positive for COVID-19." Id. at 5; and **(iii)** "The 3553(a) factors weigh against releasing [Alamo]. . . . He committed a serious offense involving the distribution of a substantial quantity of cocaine, and . . . he has engaged in a repeated and concerning pattern of criminal conduct." Id. at 5-6.

2

## III. Legal Standard

"When considering an application under § 3582(c)(1)(A)(i), a court may reduce a defendant's sentence only if it finds that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Beniquez*, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021). "The defendant has the burden to show he is entitled to a reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

"[I]n deciding a compassionate release motion . . . [t]he Court [] looks to § 1B1.13 for guidance in the exercise of its discretion." *United States v. Rodriguez*, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). "The district court has the discretion 'to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring.'" *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

"[T]he Section 3553(a) factors and the danger [a defendant] poses to the community override any extraordinary and compelling reasons justifying his release." *United States v. Serrano*, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); *United States v. Roney*, 833 F. App'x 850 (2d Cir. 2020).

"Where a defendant has contracted and recovered from coronavirus, courts in this district have declined to find extraordinary and compelling factors favoring release." *United States v. Wedd*, 2021 WL 1338754, at *2 (S.D.N.Y. Apr. 9, 2021).

"[C]ourts in this district and elsewhere have nearly uniformly denied compassionate release sought for medical reasons [when] . . . [the defendant] refused the COVID-19 vaccine." *United States v. Robinson*, 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021); *see also United States v. Bullock*, 2021 WL 1550424, at *1 (S.D.N.Y. Apr. 20, 2021) (Furman, J.) ("[Defendant] cannot satisfy his burden of showing that relief is warranted based on the fact that he was offered, and he refused, a COVID-19 vaccine."); *United States v. Bryant*, 2021 WL 738838, at *2 (S.D.N.Y. Feb. 24, 2021) (Swain, J.) ("[Defendant's] refusal to accept a risk-mitigating measure . . . is relevant to whether the risk of infection he faces in [his prison] is extraordinary and militates against finding that the degree of risk compels

release."); *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) (Seibel, J.) ("[Defendant] cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." (citation omitted)); *see also Robinson*, 2021 WL 1565663, at *3 (Torres, J.); *United States v. Deleston*, 2021 WL 1731779, at *2 (S.D.N.Y. May 3, 2021) (Castel, J.); *United States v. Castelle*, 2021 WL 1199471, at *3 (S.D.N.Y. Mar. 30, 2021) (Hellerstein, J.); *United States v. Israilov*, 2021 WL 861418, at *2 (S.D.N.Y. Mar. 8, 2021) (Schofield, J.).

## IV. Findings

The Court finds as follows:

1. On July 21, 2020, Alamo tested positive for COVID-19 at the MCC. See BOP Medical Records Ex. A at 24-25; see also BOP Medical Records Ex. B at 18, 20, 47-48, 70. Alamo "was placed into quarantine" and MCC medical personnel conducted daily assessments for COVID-19 symptoms, including fever, cough, headaches, sore throat, shortness of breath, anosmia, nausea, vomiting and diarrhea. BOP Medical Records Ex. B at 18, 41-42. During these assessments, Alamo did not complain of any symptoms and was diagnosed as "asymptomatic." Id. at 42, 48 ("Denies fever, cough, headaches, sore throat, shortness of breath, anosmia, nausea, vomiting and diarrhea.").

2. On August 13, 2020, MCC medical personnel determined that Alamo had recovered from COVID-19. See BOP Medical Records Ex. B at 48. Alamo's medical records state that he has been "doing well and denies having any COVID-19 related symptoms." Id. at 16; see also id. at 14 ("Denies any COVID-19 related symptoms.").

3. On February 1, 2021, FCI Fort Dix medical personnel found that: "[Alamo's] medical record does not reflect . . . [a] history of Asthma. . . . No paperwork in file for past treatment for asthma. . . . Patient denies SOB [shortness of breath], chest pain [or] cough." Id. at 3.

4. On March 19, 2021, FCI Fort Dix medical personnel offered to administer the Pfizer/BioNTech vaccine to Alamo. He "[r]efused" vaccination. Id. at 51.

5. FCI Fort Dix appears to have been able to control COVID-19. As of May 12, 2021, there were zero active COVID-19 cases at FCI Fort Dix out of a total inmate population of 2,822. COVID-19 Cases, BOP; *United States v. Coke*, 2021 WL 1578805, at *2 (S.D.N.Y. Apr. 22, 2021).

6. As of May 12, 2021, 1,481 FCI Fort Dix inmates had been fully vaccinated. COVID-19 Vaccine Implementation, BOP.

## V. Analysis

### (1) Exhaustion of Administrative Remedies

Alamo has exhausted his administrative remedies. "[O]n February 9, 2021, the defendant requested compassionate release from the Warden at Fort Dix FCI." Gov't Opp. at 2. More than 30 days have elapsed since Alamo submitted his request and the Warden has yet to respond. *See United States v. Fernandez*, 2020 WL 7647459, at *2 (S.D.N.Y. Oct. 14, 2020) ("[Defendant] satisfied the exhaustion requirement because more than thirty days had lapsed between his administrative request for compassionate release and the filing of his motion in this Court.").

### (2) No Extraordinary and Compelling Circumstances

Alamo has not met his burden of proving that extraordinary and compelling circumstances exist and support his early release, as follows:

**First**, while Alamo appears to have contracted COVID-19 at the MCC during the period July 21, 2020 to August 13, 2020, he (quickly) recovered. See BOP Medical Records Ex. B at 20, 47-48, 70. "Where a defendant has contracted and recovered from coronavirus, courts in this district have declined to find extraordinary and compelling factors favoring release." *United States v. Wedd*, 2021 WL 1338754, at *2 (S.D.N.Y. Apr. 9, 2021). In *United States v. Kosic*, 2021 WL 1026498 (S.D.N.Y. Mar. 17, 2021), the court held that: "[h]aving contracted the virus and recovered, [defendant's] reason for a sentence reduction -- namely, that it is necessary to protect his health – is significantly less compelling. His risk of reinfection is extremely low. . . . On this record, [defendant] has failed to establish . . . an extraordinary and compelling reason warranting a sentence reduction." *Id.* at *3 (citations and quotation marks omitted).

**Second**, FCI Fort Dix medical personnel offered to administer the Pfizer/BioNTech COVID-19 vaccine to Alamo in March of 2021, but he "[r]efused" vaccination. See BOP Medical Records Ex. B at 51. "[C]ourts in this district and elsewhere have nearly uniformly denied compassionate release sought for medical reasons [when] . . . the defendant refused the COVID-19 vaccine." *United States v. Robinson*, 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021). In *United States v. King*, 2021 WL 736422 (S.D.N.Y. Feb. 24, 2021), where, as here, "BOP records reveal[ed] that Defendant refused the Pfizer COVID-19 vaccine," the court determined that: "In declining vaccination, Defendant declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction. . . . [The] circumstances are not, in this case, extraordinary and compelling." *Id.* at *2 (citation and alterations omitted).

**Third**, Alamo's risk of COVID-19 reinfection "is extremely low." *United States v. Rodriguez-Francisco*, 2021 WL 326974, at *2 (S.D.N.Y. Feb. 1, 2021) ("because [defendant] has already had (and fortunately recovered from) the disease, his risk of reinfection is extremely low"). And, there are currently zero COVID-19 cases at FCI Fort Dix, reflecting a significant decrease in cases since Alamo filed his Motion, when there were approximately 53 active cases. See Def. Mot. at 2. "These facts militate against the conclusion that the BOP has been unable to control the COVID-19 pandemic at . . . FCI Fort Dix." *United States v. Coke*, 2021 WL 1578805, at *2 (S.D.N.Y. Apr. 22, 2021). 1,481 FCI Fort Dix inmates had been vaccinated as of May 12, 2021, which should further reduce Alamo's risk of reinfection. *See United States v. Frame*, 2021 WL 1338822, at *3 (S.D.N.Y. Apr. 8, 2021) ("With fellow inmates now being vaccinated, [defendant's] risk of reinfection is diminishing." (citation and alterations omitted)).

**(3) The § 3553(a) Factors -- Including Danger to the Community -- Weigh Against Compassionate Release**

A sentence reduction in Alamo's case would be inconsistent with the § 3553(a) sentencing factors, which include, among other things, "the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant,"

including whether the defendant is a danger to the safety of the community. *United States v. McCullum*, 2021 WL 1550322, at *1 (S.D.N.Y. Apr. 20, 2021) (citation and alterations omitted); *United States v. Vargas*, 2020 WL 6886646, at *9 (S.D.N.Y. Nov. 24, 2020) ("The Court considers . . . the need 'to protect the public from further crimes of the defendant' [and] . . . whether the defendant [i]s 'a danger to the safety of any other person or to the community' . . . as largely synonymous.").

**First**, Alamo has a substantial criminal history (criminal history category III). In 2017, he was convicted of conspiracy to distribute and possess with intent to distribute heroin, for which he was sentenced to 48 months' imprisonment and 3 years of supervised release. PSR ¶ 32. Releasing Alamo now would pose a danger to the community and would not promote respect for the law, afford adequate deterrence, or protect the public from further crimes.

In *United States v. Rubert*, 2020 WL 4926391 (S.D.N.Y. Aug. 21, 2020), the defendant had a criminal history similar to Alamo's, which included convictions for a narcotics conspiracy and for driving while his ability was impaired. *Id.* at *1. The court concluded that: "Releasing defendant . . . . would not give sufficient weight to Defendant's criminal history or his disrespect for the law. It would defeat the deterrent effect of the sentence. It would not suffice to protect the public from further crimes by Defendant, given the likelihood that he will, as he has . . . in the past, revert to criminal behavior when released from prison." *Id.* at *2; *see also United States v. Hilliard*, 2021 WL 638957, at *2 (S.D.N.Y. Feb. 17, 2021).

**Second**, Alamo's crime -- namely, conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine -- was serious and dangerous. On July 31, 2019, Alamo was arrested with 545 grams of cocaine on his person. PSR at p. 21. As the Government persuasively points out, "[i]n addition to the harm inflicted on drug users, the high stakes drug dealing in which [Alamo] engage[d] is a catalyst for significant violence -- violence that may harm [Alamo], his family, and the surrounding community." Gov't Sentencing Submission at 4.

7

In *United States v. Keitt*, 2020 WL 7404486 (S.D.N.Y. Dec. 17, 2020), the defendant, as in Alamo's case, was convicted of conspiracy to distribute and possess with intent to distribute cocaine. *Id.* at *1. In denying the defendant's compassionate release motion, the court reasoned that: "Given the seriousness of the offense and the harm it caused to the community, a substantial sentence was required to . . . provide just punishment [and] . . . reflect the seriousness of the offense. . . . Granting release so early in the term of incarceration would undercut those interests." *Id.* at *2 (citation omitted); *see also United States v. Leon*, 2020 WL 7093445 at *2 (S.D.N.Y. Dec. 4, 2020).

**Third**, Alamo committed the cocaine conspiracy offense while he was on supervised release for conspiracy to distribute and possess with intent to distribute heroin. Gov't Opp. at 5-6; PSR ¶ 34. During supervision, Alamo was also arrested on state charges for aggravated unlicensed operation of a vehicle (on two occasions) and for possession of a forged instrument. Gov't Opp. at 2; PSR ¶¶ 38-40. (According to the Government's July 2020 sentencing submission, the charges in these state cases are still pending. See Gov't Sentencing Submission at 2.) Alamo's commission of crimes while under federal supervision suggests that early release would pose a danger to the community and would fail to protect the public.

In *United States v. Stitsky*, 2020 WL 7488065 (S.D.N.Y. Dec. 14, 2020), the court determined that "[defendant] was undeterred from committing the instant crimes even though . . . [he] was on supervised release. . . . In these circumstances, the Court cannot conclude that . . . [defendant], if released, would not be a danger to any person or the community." *Id.* at *3; *see also United States v. Tyson*, 2020 WL 3451694, at *3 (D. Conn. June 24, 2020).

## VI. Conclusion & Order

The Government's request to file Exhibits A-B (BOP medical records) under seal is granted. The Defendant's Compassionate Release Motion [Dck. # 39] is respectfully denied.

Dated: New York, New York
       May 12, 2021

_____
**RICHARD M. BERMAN, U.S.D.J.**